HUGH A. MCADAM *vs.* CENTRAL RAILWAY AND ELECTRIC COMPANY.

First Judicial District, Hartford, March Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

The law casts upon a corporation authorized to use the public streets for the transmission of electric currents dangerous to life, the duty of exercising a very high degree of care in the construction and operation of its appliances; and of employing every reasonable precaution known to those skilled in the safe conduct and management of the business carried on by the corporation, to prevent injury to any person, including its own employees.

The determination of the trial court upon the issues of negligence and contributory negligence, is one of fact and final, unless it appears from the record that some erroneous standard of duty was applied in reaching such determination.

[Argued March 4th—decided March 26th, 1896.]

ACTION to recover damages for personal injuries sustained through the alleged negligence of the defendant, brought to the Superior Court in Hartford County and heard in damages to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff to recover $1,200 damages, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Frank L. Hungerford,* for the appellant (defendant).

*John P. Healy* and *Frank E. Healy,* for the appellee (plaintiff).

HAMERSLEY, J. The defendant corporation maintained in the city of New Britain an electrical plant with two separate branches, one for operating an electric street railway under the overhead trolley plan, and the other for furnishing electric lights. The plaintiff was a lineman employed in the electric light department. It was a part of his duty, when

specially directed, to make some changes in the lines of the railway department. He had been specially directed to ascend a pole used in connection with the railway, for the purpose of removing a telephone wire fastened to the top of the pole and used by the defendant. Attached to this pole were span wires and support wires belonging to the railway plant. The span wires passed over the main trolley wire, and might become dangerous by contact with that wire, unless protected by artificial insulation. In the construction of the railway the wires were so arranged that occasional contact between the span wires and the trolley wire was likely to occur. The span wires were understood to be insulated from the main trolley wire by proper artificial insulation. Pursuant to his directions the plaintiff ascended the pole by a ladder to the height of about sixteen feet, with the expectation of climbing from that point to the top of the pole. Before leaving the ladder and for the purpose of steadying himself as he was about to ascend, he took hold with his left hand of an eyebolt connected with a support wire which ran from the pole to the next pole, and reached his right hand to take hold of an eyebolt to which was fastened a span wire. The support wire in some way made a ground connection. The span wire was not insulated, and was in contact with the trolley wire charged for use for railway purposes. As his right hand touched the eyebolt he received a severe shock, which caused him to fall to the ground, whereby he was injured. Several days prior to the accident the defendant had its attention called to a dangerous condition of the wires at this point, and it made no effort to discover the cause.

The court below found that the defendant was guilty of gross negligence, and that the plaintiff was not guilty of contributory negligence; and gave judgment for the plaintiff to recover substantial damages.

The reasons of appeal seem to be a summary of the defendant's argument upon the trial; and apparently the errors mainly relied on are the alleged erroneous conclusions reached by the court upon questions of fact. In his brief, however, the defendant claims that in finding gross negligence in the

construction of the defendant's wires, the court erred in measuring the legal duty of the defendant by an erroneous standard. The trolley wire as used by the defendant is charged with an agency of exceeding danger to life, and is capable of communicating such deadly quality to any wire or conductor of electricity that may come in contact with it. When the legislature authorizes a corporation to use such an agency in the public streets, the law implies a duty of using a very high decree of care in the construction and operation of the appliances for the use of that agency, requiring the corporation to employ every reasonable precaution known to those possessed of the knowledge and skill requisite for the safe treatment of such an agency, for providing against all dangers incident to its use, and holds it accountable for the injury of any person due to the neglect of that duty, whether the person injured is or is not one of its own employees. This standard of duty was correctly applied to the facts as found by the court below. The method of construction in connection with the failure to insulate the span wire, was a violation of the duty imposed on the defendant by law.

The defendant also claims in its brief that the court did not hold the plaintiff up to the degree of care fixed by law for persons engaged in hazardous undertakings. In so far as this claim implies that the court, while applying the legal standard of care for persons engaged in dangerous under-takings, erred in its finding from all the circumstances of this case that the plaintiff in fact did not neglect to use such care, it does not present a question which this court should review, and if it were open to review, the facts as detailed in the record would compel us to reach the same conclusion ; in so far as the claim implies that the court did not recognize nor apply to the facts as found the legal standard of care, it is not consistent with the record,—the court made no ruling adverse to the defendant in respect to the standard of care required by law.

The finding gives a minute and clear recital of the circum-stances of the accident. The conclusion of the court that the defendant was guilty of negligence was demanded by its

plain violation of a legal duty ; and the finding shows that
the conclusion that the plaintiff was not guilty of contribu-
tory negligence, was an inference from the special facts and
circumstances peculiar to this case as found by the court
from the evidence, and it does not appear from the finding,
and is not assigned as error in the reasons of appeal, that in
drawing such inference the court violated any rule or princi-
ple of law applicable to the facts as found.   Such a conclu-
sion cannot be reviewed in error; discussion of this point is
barred by many recent decisions of this court.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.