## JOSEPH E. ARBORIO, ADMR.

*vs.*

## HARTFORD ELECTRIC LIGHT CO.

Superior Court      Hartford County      File No. 68137

MEMORANDUM FILED JULY 8, 1943.

*Frank Covello,* of Hartford, for the Plaintiff.

*Warren Maxwell,* of Hartford, for the Defendant.

QUINLAN, J. The court directed a verdict in this case. This was done only after a serious effort to prepare a charge by the exact method of writing it out. The attempt to do this was frustrated by what seemed to be an inescapable conclusion that the plaintiff was a trespasser. This, of course, does not mean that no duty was owed to him, but on the evidence in the case no one from the defendant company was even present and consequently there was not even the possibility of doing anything to avert the accident. The defendant had rights of way for their power line over the strip on which the plaintiff was standing. That strip had been condemned by the State of Connecticut with full rights of entry into any part of it *so long as such entry did not interfere with de-*

*fendant's paramount right of way.* The State presumably succeeded to this right. This, however, would not give the decedent nor the operator of the crane any right to interfere with the defendant's paramount right of way. The court had in mind the marked distinction between the duty which is owed to persons who come upon premises as bare volunteers or licensees, and those who come in the person of customers or otherwise, in the course of business upon invitation, express or implied, of the occupier. As respects the plaintiff's decedent, so long as there was no act of misconduct towards him no liability was incurred by the defendant. The cases of *McAdam vs. Central Railway & Electric Co.,* 67 Conn. 445; *Nelson vs. Branford Lighting & Water Co.,* 75 id. 548; and *Cutler vs. Putnam Light & Power Co.,* 80 id. 471, all cases involving the transmission of electric current, can be distinguished from the case at bar. In the *Cutler* and *McAdam* cases, the plaintiff's intestate in the one and the plaintiff in the other were employee linemen whose presence might be anticipated. In the *Nelson* case the custom of boys to swim with the knowledge of the municipal authorities was a known fact.

The railroad cases, *Pomponio vs. New York, New Haven & Hartford R.R. Co.,* 66 Conn. 528; *Goudreau vs. Connecticut Co.,* 84 id. 406; and *Whitney vs. New York, New Haven & Hartford R.R. Co.,* 87 id. 623, show the rule as it seems applicable here. While the *Pomponio* case went for the plaintiff, the factual situation justified it.

Finally, so far as Connecticut is concerned, assuming that the strip of land over which the power lines extended was a part of the highway, the plaintiff's decedent was not a traveler thereon any more than the operator of the crane. *Wilson vs. Town of Granby,* 47 Conn. 59, 74; *Valin vs. Jewell,* 88 id. 151, 154.

The Restatement of the Law of Torts, in section 329, defines "Trespasser" as follows: "A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise."

There is no evidence that the light company consented to decedent's entry, and that decedent had no privilege "otherwise" to enter is to be determined by sections 191-211 of the Restatement. (See Restatement, §329, comment b [p. 892].)

A reading of sections 191-211 will establish that they are not applicable. Defendant's duty to decedent, therefore, is fixed by section 333 of the Restatement. This section imposes no duty upon defendant toward decedent except to refrain from intentionally injuring him. (See comment d, to section 333 [p. 904], as to intentional injury.) Section 333 excepts from its operation only those situations covered in sections 334-339, a reading of which, together with their illustrations, establishes their nonapplicability here. Not only is there no duty, but defendant was privileged to ignore the actual probability that decedent or others would trespass on the land. (See Restatement, §333, comment on page 903, and comment c, page 904.)

The court has examined with care section 1475 of the General Statutes, Revision of 1930, cited by the plaintiff, and was interested in the ingenious application of the injunctive theory as a test to determine the rightfulness of the intestate's presence on the property, but the court cannot see any aid in citation of that statute any more than can be derived from the various decisions also cited by plaintiff's counsel, viz., *Kerr vs. Connecticut Co.,* 107 Conn. 304; *Corcoran vs. City of New Haven,* 108 id. 63; *Levine vs. Town of West Haven,* 120 id. 207; *Parker vs. City of Hartford,* 122 id. 500.

As a consequence it seems inescapable that decedent was a trespasser to whom the defendant owed no duty of care other than hereinbefore adverted to, and the motion is consequently denied.

Since writing the above there has been called to my attention the case of *Crogan vs. Schiele,* 53 Conn. 186, due to the forthrightfulness of defendant's counsel. While the syllabus would seem to make doubtful some of the conclusions hereinbefore stated it seems to the court that the second paragraph on page 198 distinguishes the situation.