DEAN PLOURDE, ADMINISTRATOR (ESTATE OF RODNEY
A. PLOURDE) *v.* THE HARTFORD ELECTRIC
LIGHT COMPANY

SUPERIOR COURT      LITCHFIELD COUNTY      FILE NO. 023066

Memorandum filed April 17, 1974

*Reilly & Peck,* of New Haven, for the plaintiff.

*Carmody & Torrance,* of Waterbury, for the defendant.

SPEZIALE, J. The plaintiff, administrator of the estate of the decedent, Rodney A. Plourde, brought this action against The Hartford Electric Light Company and Northeast Utilities Company, alleging that the current transmitted on lines supported by a high tension electric tower maintained by the defendants caused the decedent's death and that the defendants, thereby, are liable for the decedent's loss of enjoyment of his normal life and life's activities and the funeral expense incurred by the estate. While both counts of the complaint, to which certain amendments have been made, claim that the decedent's death was proximately caused by the defendants' negligence, it is further alleged that the electric current, as maintained by the defendants, constitutes an agency which is "inherently dangerous and intrinsically dangerous and ultra hazardous." The complaint against the Northeast Utilities Com-

pany has been withdrawn. The defendant, The Hartford Electric Light Company, has demurred to both counts of the complaint to the extent that the complaint seeks to impose upon this defendant liability without fault based upon the plaintiff's contention that the agency maintained by this defendant is inherently dangerous and ultrahazardous.

A demurrer properly may be addressed to counts in a pleading insofar as such counts allege facts which are insufficient to support a particular cause of action contained within the counts. Practice Book § 106. A demurrer addressed to an entire count which contains a valid cause of action cannot be sustained. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 553. A demurrer admits well-pleaded facts but does not admit either legal conclusions or the truth or accuracy of opinions stated therein. *McAdam* v. *Sheldon,* 153 Conn. 278, 282. In testing allegations against attack by demurrer, the complaint must be construed in the manner most favorable to the pleader. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* supra, 557.

The defendant, The Hartford Electric Light Company, demurs to the cause of action which would impose liability without fault on the grounds that (1) the doctrine invoked by the plaintiff is not supported by facts which necessarily must be pleaded and (2) the transmission of electricity, as alleged in the complaint, is not, as a matter of law, intrinsically dangerous and ultrahazardous, because it does not necessarily and obviously expose others to harm irrespective of due care.

The first ground of the defendant's demurrer can be disposed of quickly because its brief and oral argument reveal that essentially its technical attack amounts to a claim that certain language from *Caporale* v. *C. W. Blakeslee & Sons, Inc.,* 149 Conn.

79, 85, is not found in the plaintiff's complaint. Claimed to be lacking is the necessary allegation that there are circumstances and conditions in the transmission of high-voltage electricity which, irrespective of lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others. While a carefully drafted complaint should, perhaps, contain this allegation, what is necessarily implied need not be expressly alleged. *Senior* v. *Hope,* 156 Conn. 92, 98; *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 193; *Wachtel* v. *Rosol,* 159 Conn. 496, 500. The description of an activity as inherently dangerous and ultrahazardous perforce implies that the activity necessarily and obviously exposes others to probable injury despite the employment of due care. The allegation is implicit in the description of the agency as intrinsically dangerous and ultrahazardous. *Whitman Hotel Corporation* v. *Elliot & Watrous Engineering Co.,* 137 Conn. 562, 565–66; *Worth* v. *Dunn,* 98 Conn. 51, 59–60; *Caporale* v. *C. W. Blakeslee & Sons, Inc.,* supra, 84. Furthermore, since such an allegation approaches a legal conclusion, it would not be an admitted supportive fact for the purpose of ruling upon the demurrer. *McAdam* v. *Sheldon,* supra.

The second ground of the defendant's demurrer goes beyond any claimed technical defect in the pleading by arguing that as a matter of law the transmission of electricity by high-tension wires is not intrinsically dangerous and ultrahazardous. A complaint is tested on demurrer by the facts provable under its allegations. *Benson* v. *Housing Authority,* 145 Conn. 196, 199. It appears that the facts which would support a conclusion that high-voltage electricity in transmission lines is an inherently dangerous and ultrahazardous agency are the

potency of the generated electricity and its capability of leaping out or arcing through the air and being conducted through the air. While this determination may involve an application of law to the facts, it has become settled as a matter of law, with regard to certain instrumentalities or activities and the circumstances and conditions under which they are used, that they either are or are not intrinsically dangerous and ultrahazardous. *Whitman Hotel Corporation* v. *Elliot & Watrous Engineering Co.*, supra, 565; *Caporale* v. *C. W. Blakeslee & Sons, Inc.*, supra, 86; *Starkel* v. *Edward Balf Co.*, 142 Conn. 336, 341; Wright & FitzGerald, Connecticut Law of Torts (2d Ed.) § 122; Prosser, Torts (3d Ed.) § 77. It has been held in Connecticut that certain activities and instrumentalities are not intrinsically dangerous and ultrahazardous. *Greeley* v. *Cunningham*, 116 Conn. 515, 518; *Godfrey* v. *Connecticut Co.*, 98 Conn. 63, 70.

There is no direct authority in this state which has conclusively categorized generated electricity on high-tension lines for the purpose of deciding whether such an agency or instrumentality is ultrahazardous and inherently dangerous. The Supreme Court in *McAdam* v. *Central Ry. & Electric Co.*, 67 Conn. 445, a case which involved the maintenance of electric wires suspended over public streets, was not confronted with the issue whether the agency involved was inherently dangerous and ultrahazardous because the trial court correctly found that the defendant had been guilty of gross negligence. The court did state (p. 447) that when the legislature authorizes a corporation to use such an agency in the public streets, the law imposes a very high degree of care in its construction and operation. See *Cutler* v. *Putnam Light & Power Co.*, 80 Conn. 470, 476. In *Reboni* v. *Case Bros., Inc.*, 137 Conn. 501, 504–6, wherein one of the plaintiffs was fatally

injured by electric current from high-tension wires, the court recognized that the defendant, who had retained control of the premises over which high-tension wires were strung by the power company, owed to its invitees a very high degree of care because of the great danger. Other jurisdictions which have ruled upon the precise question at issue have been uniform in declaring that, while the degree of care required by an electric power company in maintaining and operating high-tension wires is commensurate with and proportionate to the danger inherently involved, the company's liability is not absolute and can only be imposed for some negligent act or omission. Repeatedly, it has been stated that the power company does not act at its peril and is not an insurer. *Manaia* v. *Potomac Electric Power Co.*, 268 F.2d 793, 797; *Banks* v. *Central Hudson Gas & Electric Corporation,* 224 F.2d 631, 635; *Brown* v. *Potomac Electric Power Co.*, 236 F. Sup. 815, 817; *Beresford* v. *Pacific Gas & Electric Co.*, 45 Cal. 2d 738, 745–46; *Benard* v. *Vorlander,* 87 Cal. App. 2d 436, 440; *Windsor Hotel Co.* v. *Central Maine Power Co.*, 250 A.2d 194, 196 (Me.); *Gelinas* v. *New England Power Co.,* 359 Mass. 119; *Clough* v. *New England Telephone & Telegraph Co.,* 342 Mass. 31, 35; *Robertson* v. *Rockland Light & Power Co.*, 187 App. Div. 720, 727–28 (N.Y.); *City of Altus* v. *Wise,* 193 Okla. 288, 291; 29 C.J.S., Electricity, §§ 38, 39; 26 Am. Jur. 2d, Electricity, Gas & Steam, § 39; notes, 32 A.L.R.2d 244, 248 § 2, 69 A.L.R.2d 93, 98 § 3.

A demurrer is the proper remedy before trial by which to determine whether the allegations of the complaint state a good cause of action, and if the demurrer is sustained, the time, effort and expense of a useless trial are saved. *Rutt* v. *Roche,* 138 Conn. 605, 607. The overwhelming pertinent case authority as well as the analogous statements of our

Supreme Court which pertain to the duty of care required to be exercised by an electric power company maintaining high-voltage wires (*Cutler* v. *Putnam Light & Power Co.*, 80 Conn. 470, 476; *McAdam* v. *Central Railway & Electric Co.*, 67 Conn. 445, 447) compels the conclusion that the admitted facts of the complaint do not support a cause of action against the defendant on the ground that it is absolutely liable because it is maintaining and operating an agency which is inherently dangerous and ultrahazardous. The circumstances and conditions in the use of high-voltage electricity which has the capability of arcing and being conducted through the air do not involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others.

Accordingly, the demurrer of the defendant, The Hartford Electric Light Company, is sustained insofar as both counts of the complaint purport to impose liability without fault upon this defendant because the agency maintained and operated by it is inherently dangerous, intrinsically dangerous, and ultrahazardous.