[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PERMANENT INJUNCTION
Plaintiffs bring this action inter alia for a temporary and permanent injunction. On trial it was agreed that the court would hear and decide the matter as a permanent injunction.
Defendant files a special defense based on the decision of the superior court in the case of Braun v. Connecticut Siting Council #CV-89-03796.
Plaintiffs have reserved their damage claims for a later hearing.
I. Analysis
In setting out the facts and analyzing them the court responds at three levels, First, al all the parties would anticipate, on the record this court cannot find that any of the plaintiffs have been injured by any past activity of the defendant either physically or emotionally. Secondly, as to any possible finding that there will be any injury or substantial threat of injury to any of the plaintiffs or their guests in the future, the court must have expert scientific testimony. Lastly, the court will seek facts and attempt to reach conclusions about any injury to the plaintiffs resulting or reasonably likely to result from "the controversy surrounding the [possible] harmful effects of electro-magnetic fields [EMF] from transmission lines."[1]
The plaintiffs' brief and some of the courtroom discussion in this action refer to the scientific proof of dangers of EMF exposure. Terms such as "open issue", are used, However, those expressions must be seen only as positive. That is, that there must be proof by a preponderance of the evidence that there exists scientific evidence that a "reasonable person" could believe would result in some injury CT Page 4744 to the plaintiffs. The question is not in the negative. That is, it is not about what evidence does not exist to prove that there is no reasonable belief that there is no danger.
II. Finding
The plaintiffs are Kevin and Phyllis Braun and their two children, Ryan and Jessica. They all live at 58 Boggs Hill Road in Newtown, Connecticut. The nearest portion of their house is about seventy (70) feet from the center of a utility pole transmission line (the Line) owned and operated by the defendant, The Connecticut Light and Power Company, which runs over a utility easement on property owned by Kevin and Phyllis Braun.
On December 16, 1988, the defendant sought approval from the Connecticut Siting Council to reconstruct the Line and to increase its capacity to satisfy increasing demand for electric energy in southwest Connecticut and to prevent overloading under certain conditions.
The proposed reconstruction would create a large structure and would more than double the present amperage capacity of the Line, but would remain essentially in the same location.
Electric and Magnetic fields are ubiquitous in our society, and people are regularly exposed to fields in their everyday life.
The proposed reconstruction will not increase the current flow through the Line. An increase is projected in the current flow but that will be the same whether or not the Line is reconstructed as proposed.
The EMF generated by the reconstructed Line will be equal to or lower than the fields generated by that Line in its current configuration.
Plaintiffs Jessica and Ryan Braun have no property interest in the property located at 58 Boggs Hill Road, Newtown, Connecticut.
Plaintiffs Kevin and Phyllis Braun were parties to the Siting Council proceeding which determined that "there is insufficient evidence to conclude that this proposed line or other transmission lines in the State are hazardous to human biological health."
In the Siting Council proceeding plaintiffs Kevin and CT Page 4745 Phyllis Braun presented evidence on the question of whether exposure to electric and/or magnetic fields from the Line will lead to adverse health effects in Jessica and Ryan Braun.
III. Plaintiffs' Claims
A. First Count — Misrepresentation
Plaintiffs have reserved this count for the later hearing.
B. Second Count — Nuisance
The court will consider the allegations and evidence under this count in deciding the permanent injunction issue.
C. Third Count — Ultrahazardous Activity
The plaintiffs allege no facts as to any ultrahazardous activity but only a conclusion. Cf. Plourde v. Hartford Electric Light Co., 31 Conn. Sup. 192, 195. However, this court need not decide that now.
D. Fourth Count — Unreasonable Use of the Easement
The court will consider the allegations and evidence under this count in deciding the permanent injunction issue.
E. CUTPA
This count is preserved for the later hearing.
IV. Expert Testimony
In the discipline of the study of EMF the analysis is far beyond the knowledge and training of a lay trier. Francey v. Hannes, 155, Conn. 663, 666. Expert testimony is required.
The court qualified both the plaintiffs' and the defendant's experts because in general their methods are those accepted by the scientific community.[2] Ferebee v. Chevron Chemical Co., 736 F.2d 1529, 1535-1536, (D.C. Cir. 1984), cert. denied 469 U.S. 1062 (1984). The court cannot find that the opinions of plaintiffs' expert are acceptable to prove that injury probably has or probably will cause one or more of plaintiffs any health problem. Adams v. Johns-Manville Sales Corp., 783 F.2d 589, 590-593 (5th Cir. 1986).
Andrew Marino testified as plaintiffs' expert in regard to the scientific effects of EMF but not in regard to the medical effects of EMF on plaintiffs. CT Page 4746
Plaintiffs' expert could not give an opinion as to the percentage of possible increased risk to plaintiffs' health as a result of the proposed reconstruction but he did say it would be increased. He does not know what the risk is at the ambient level.
The court has examined all of the studies and concludes it is puzzled, unconvinced and not close to being sure. The court is not as negative as David Savitz who says in his "Case-Control Study of Childhood Cancer and Exposure to 60-HZ Magnetic Fields", 128 American Journal of Epidimiology No. 1, page 24. "The quality of these studies and inconsistency in their findings preclude firm conclusions about a causative role of magnetic fields in childhood cancer." However, in the present state of the scientific knowledge in the world community this court cannot find that defendants' proposed reconstruction and "new" use of the Line would be a nuisance; that it is an ultrahazardous activity; or that it would be an unreasonable use of the right-of-way. Nor can it find that there is anything close to proof of a reasonable likelihood that defendants' intended actions will harm one or more of the plaintiffs.
V. Collateral Estoppel
It is true that the plaintiffs might be collaterally estopped by virtue of the decision of the Connecticut Siting Council of August 30, 1989, based on a hearing held March 28, 1989. Corey v. Avco-Lycoming Division, 163 Conn. 309,317. However, if there is one thing that is clear about our present case it is that the scientific community is as busy and excited as a birddog in an aviary trying to arrive at some firm conclusions about the effects of electro-magnetic fields on animals and humans. As a result the evidence of March 28, 1989 may not be the evidence of June 26, 1990, although found only a little more than a year later. The "fact[s] essential" to the prior decision may not be the facts today, id. 317. This is not a static situation and the court cannot apply the rule of collateral estoppel to it.
VI. Burden
The plaintiffs who here seek the court's order for an injunction have the burden to offer proof of all facts essential to their claim. We call that rule the burden of proof or burden of production or even the burden of going forward.
The plaintiffs have a second burden and that is the CT Page 4747 burden to persuade the trier of fact that the evidence they produced does prove all those essential facts. This is called the burden of persuasion. In regard to that burden the plaintiffs must sustain it by proof of facts which a reasonable mind would find more probable than not.[3] This is our rule of proof by a preponderance of the evidence. Vigorito v. Allard, 143, Conn. 70, 71. See generally Tait and La Plante's Handbook of Connecticut Evidence 4; and State v. Brown, 163 Conn. 52,65 n. 5.
When we begin to use serious statistical proof to support causation trouble arises. Our present burden of persuasion standard is proof by a preponderance of the evidence, Busker v. United Illuminating Co., 156 Conn. 456,458, or more probable than not, Vigorito v. Allard, 143 Conn. 70,71. The statistics we are given are also based on
probabilities. These statistical probabilities, however, are not offered to persuade but rather to establish facts in the burden of proof portion of a case. Thus, we could have a disputed factual case with evidence from statistics (1) that 51% of the time a person who ingests x liquid will suffer some harm; and (2) that 51% of the time that harm will be substantial.[4] Now, based on that disputed evidence, plaintiff must persuade the trier that it is more probable than not that the particular plaintiff sustained substantial harm, i.e., by proof of greater than 50%. This, the plaintiffs clearly have not done.
VII. Single Cause of Action Rule
Because this court is only dealing with the permanent injunction portion of this case it is not concerned with plaintiffs' claims for actual past or future damages. The fact
that there will be a nearing in regard to claims for such damages does not mean we have split the cause of action. Floyd v. Fruit Industries, Inc., 144 Conn. 659, 669, Burritt v. Belfy, 47 Conn. 323, 325.
VIII. Injunction
We cannot see them. We cannot hear them. But we know that electro-magnetic fields exist. We can measure them and even see parts of their outlines with the use of iron filings But what, if any, harm do they cause to humans?
A. Adequate Remedy and Irreparable Injury
Plaintiffs would have no adequate remedy at law if the CT Page 4748 harm they claim were found. That harm would be irreparable.
B. Balancing the Equities
On balancing the equities among the parties and the public, the court certainly inclines towards protection for the human beings. The court probably viscerally lowers the standard of proof required when it considers the danger of inducing cancer in children.
CONCLUSION
The court may not grant an injunction unless the complainants' right is clear." Powers v. Ulichny, 185 Conn. 145,147. It is not clear in this action.
The court cannot find irreparable harm is more likely than not to occur.
On the injunction, judgment for the defendant.
N. O'Neill, J.