[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants move to strike the third count of the plaintiff's complaint, which count alleges that the rental of an apartment which contains lead-based paint on its interior and exterior surfaces constitutes an abnormally dangerous activity. Such activity would invoke the principles of strict liability.
The defendants argue that renting such an apartment, as a matter of law, is not an abnormally dangerous activity. The court agrees.
The appellate courts in Connecticut have, so far, limited ultrahazardous activity to blasting and pile driving, Green v.Ensign-Bickford Co., 25 Conn. App. 479, 483 (1991). Our Supreme Court has refused to apply the term to the operation of an automobile, Greeley v. Cunningham, 116 Conn. 515, 518 (1933); or a rollercoaster, Godfrey v. Connecticut Co., 98 Conn. 63, 68
(1922).
Trial court opinions have refused to classify as abnormally dangerous or ultrahazardous the following activities: the transmission of electricity, Plourde v. Hartford Electric LightCo., 31 Conn. Sup. 192, 196 (1974); graduation ceremonies involving the throwing of mortarboards, Levenstein v. YaleUniversity, 40 Conn. Sup. 123 (1984); having a hole in a little league ballfield fence, Bassi v. Derby, 1 Conn. L. Rptr. 36
CT Page 2415 (1990); and having a children's spiral slide in a playground,Beaudry v. Board of Education, Superior Court, Hartford Judicial District, d. n. CV92-517989 (March 2, 1995).
Also, the federal courts, construing Connecticut law, have found that the storage of hazardous waste and toxic solvents is not an abnormally dangerous activity, Arawana Mills Co. v. UnitedTechnologies Corp., 795 F. Sup. 1238, 1251 (D. Conn. 1992); andNielsen v. Sioux Tools, Inc., 870 F. Sup. 435, 442 (D. Conn. 1994).
The factors which a court must consider in determining if an activity is abnormally dangerous are enumerated in 3 Restatement (Second), Torts § 520. These factors are: the existence of a high degree of risk to person or property; the likelihood that injury will be great; the inability to eliminate the risk by reasonable means; the extent to which the activity is uncommon; the inappropriateness of the activity to the place of occurrence; and the extent to which its value is outweighed by its dangerous attributes.
Judge Hennessey has addressed this precise issue in Gutierrezv. Jefferson Street Medical Building, Inc., 12 Conn. L. Rptr 472 (October 31, 1994). In that case the trial court ruled that renting an apartment with lead paint on the surfaces of the property is not an abnormally dangerous activity. Because the deleterious effects of lead paint are avoidable, renting an apartment which contains such paint fails to measure up to the factors which describe abnormally dangerous activities.
The issue of whether an activity is ultrahazardous is a question of law, Green v. Ensign-Bickford Co., supra, 485. The mere presence of lead paint on a surface appears dissimilar to the handling of explosives or pile driving. It certainly seems inherently less dangerous than the storage and disposal of hazardous substances. It appears obvious that reasonable care can be employed to eliminate the risk of the ingestion of the lead paint by tenants or other occupants. For these reasons, the leasing of an apartment which contains lead paint is not an ultrahazardous activity, and the motion to strike is granted.
Sferrazza, J. CT Page 2416