WEINKE, Respondent, vs. PHILGAS COMPANY, Appellant.

*October 14, 1936—March 9, 1937.*

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *Ralph E. Axley* and *R. J. Sutherland,* all of Madison.

For the respondent there was a brief by *Lowell T. Thronson, Norris E. Maloney,* and *Harold F. Craney,* all of Madison, and oral argument by *Mr. Maloney* and *Mr. Thronson.*

The following opinion was filed November 10, 1936:

FOWLER, J. The company claims a failure of proof in support of the findings of the jury, and that its motion for a directed verdict or its motions for judgment notwithstanding the verdict should have been granted, and the complaint should be dismissed. It also claims that, if it is not entitled

to dismissal of the complaint, a new trial should be directed for receipt of evidence over its objection and for error in instructing the jury.

Assuming that the finding of the jury that the explosion was of gas from the defendant's equipment is supported by the evidence, we are of opinion that the contention of the appellant that the evidence does not support the finding of the jury of negligence in not shutting off the outside valves must be sustained. The tenant of the building closed the inside valve and tested leakage therefrom and from the pipe leading therefrom outside the building. The jury found that the tenant was not negligent. This carries the implication that he shut off the inside valve, and left it in such position that no gas could escape therefrom. If no gas could escape through the inside valve there was neither necessity nor occasion to shut off the outside valves. It is quite apparent that, for gas to escape from defendant's equipment into the basement, somebody must have meddled with or accidentally moved the handle of the inside valve after the tenant left the building. The only possible basis for imputing negligence to the defendant for not shutting off the outside valves would be that the defendant ought reasonably to have anticipated meddling with or accidental moving of the inside valve. We discover no basis in the evidence for such an inference.

The case is no different from the situation existing whenever the occupant of a house connected with the local system supplying gas to the residents of the city leaves it unoccupied for any considerable period, as on a visit or a vacation. No one would expect the utility to shut off the gas at the curb on every such occasion, although aware of the vacancy. No duty rests upon the utility to do so. Common experience shows that there is no necessity or reasonable requirement for so doing. The following cases are directly to the point that there is no duty to shut off gas at the curb in absence of special circumstances requiring it. *Canfield v. West Va. Central*

*Gas Co.* 80 W. Va. 731, 93 S. E. 815, L. R. A. 1918 A, 808; *Reid v. Westchester Lighting Co.* 236 N. Y. 322, 140 N. E. 712, 29 A. L. R. 1247. The jury having found that the gas was properly shut off inside the basement in the instant case, and no defect in the shutoff valve inside the house being shown, no special circumstances existed requiring the defendant to shut off the outside valve, even if it installed the inside valve itself, as to which there is no testimony. The cases of *Chisholm v. Atlanta Gas-Light Co.* 57 Ga. 28, and *Loyocano v. Louisville Power & L. Co.* (La. App.) 165 So. 515, seem contrary to the above cases, but they go on the theory that meddling with fixtures inside the house ought reasonably to be anticipated and guarded against. Adoption of this theory would establish a practice more of the nature of a nuisance than a safety regulation. It would place a burden on the utility, and a charge on the owner of the building, for turning the curb valve off and on, that ought not to be imposed unless by statute or order of an administrative board created by statute based upon data showing it to be a reasonable requirement.

The above renders it unnecessary to discuss the other assignments of error made by the appellant, and requires reversal of the judgment, with direction to dismiss the complaint.

*By the Court.*—The judgment of the circuit court is reversed, and the record remanded with direction to dismiss the complaint.

WICKHEM, J., dissents.

A motion for a rehearing was denied, without costs, on March 9, 1937.