Carmine Auriemme et al. *v.* The Bridgeport Gas Company

Superior Court     Fairfield County     File No. 106134
at Bridgeport

Memorandum filed July 31, 1958

*Cohen, Schine & Wolf,* of Bridgeport, for the plaintiffs.

*Marsh, Day & Calhoun,* of Bridgeport, for the defendant.

COTTER, J. The plaintiffs sue for injuries they received when overcome by gas fumes which escaped from a kitchen stove. The first two counts are based on negligence upon the part of the defendant gas company. The third and fourth allege: "The furnishing and supply of gas to the home of the plaintiffs by the defendant constituted the use by the defendant of an intrinsically dangerous means to accomplish a lawful end, in such a way as necessarily or obviously exposed the plaintiff to the danger of probable injury."

The defendant demurs to the third and fourth counts because they charge liability without legal basis and apply a standard of care to the conduct of the defendant which has no support in law. While there is some question whether the precise issue is raised by the pleadings in their present form, the parties agree that their intention is to test such a theory of liability. The court will therefore decide this issue as if so framed, to which the parties assent.

The plaintiffs claim recovery under counts three and four upon the theory that the defendant is absolutely liable, irrespective of negligence; that it engages in its business at its peril and that "[a] person who uses an intrinsically dangerous means to accomplish a lawful end, in such a way as will necessarily or obviously expose the person of another to the danger of probable injury, is liable if such injury results, even though he uses all proper care. *Worth* v. *Dunn,* 98 Conn. 51, 59." *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,* 137 Conn. 562, 565; see *Starkel* v. *Edward Balf Co.,* 142 Conn. 336, 341.

It would not seem that our courts are ready to impose such liability upon the defendant in this case. In two cases in this state the cause of action was for negligence. *Breed* v. *Philgas Co.*, 118 Conn. 128; *Eberle* v. *Connecticut Light & Power Co.*, 15 Conn. Sup. 162. Elsewhere, liability is predicated upon the degree of care imposed upon the gas company. It has been held to be due and reasonable care. The degree of care varies with the exigencies which require vigilance and attention, conforming in amount and degree to the particular circumstances under which they are to be exerted. *Holly* v. *Boston Gas Light Co.*, 74 Mass. (8 Gray) 123, 131; *Bellefuil* v. *Willmar Gas Co.*, 243 Minn. 123. It has also been stated to be care proportionate to the danger which it is the duty of the gas company to avoid. *Graham* v. *North Carolina Butane Gas Co.*, 231 N.C. 680, 17 A.L.R.2d 881; *Nephew* v. *Consumers Power Co.*, 283 Mich. 12, 17; *Reid* v. *Westchester Lighting Co.*, 236 N.Y. 322, 29 A.L.R. 1247. Another court speaks of a high degree of care; *Heh* v. *Consolidated Gas Co.*, 201 Pa. 443; and in a later decision discusses the liability of the gas company upon the basis of reasonable care. *Steele* v. *Peoples Natural Gas Co.*, 386 Pa. 439; see *Shaw* v. *Wisconsin Power & Light Co.*, 256 Wis. 176, 13 A.L.R.2d 1390.

The defendant company is not an insurer so as to render it liable absolutely for the escape of gas. It is required to exercise a degree of care commensurate with the dangerous character of gas and its tendency to escape. Note, 26 A.L.R.2d 136, 144, 146; 24 Am. Jur. 682, § 24; 38 C.J.S. 730, § 41.

The demurrer to the third and fourth counts is sustained.