[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs have sued the defendant for damages resulting from a fire that occurred at their home. They allege that the fire was caused by a gas leak in the basement. In count two of their complaint, they claim that defendant is strictly liable for their loss because it was "engaged in an ultra-hazardous activity in the transportation of natural gas through pipelines it knew or should have known were corroded and/or weak." The defendant has moved for summary judgment as to this second count, asserting that the plaintiffs have failed to state a claim for strict liability in tort in that, as a matter of law, the activity alleged is not an ultra hazardous activity.
"A person who uses an intrinsically dangerous means to accomplish a lawful end, in such a way as will necessarily or obviously expose the person of another to the danger of probable injury, is liable if such injury results, even though he uses all proper care." Caporale v. C.W. Blakeslee Sons, Inc., 149 Conn. 79, CT Page 11919 82-83 (1961). "To impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relationship between the activity and the injury for which damages are claimed." Id. at 85.
The doctrine of strict liability for dangerous activities is imposed sparingly in Connecticut. Levenstein v. Yale University,40 Conn. Sup. 123, 126 (1984). That case went on to recite examples of instances in which strict liability would attach, none of which involve the provision of natural gas for home use. The only cases in which our Supreme or Appellate Courts have found ultra-hazardous activities involve blasting, pile driving and "the perilous activity of conducting research with a highly volatile chemical for use in its explosive manufacturing business." Green v. Ensign-Bickford Co., 25 Conn. App. 479, 484,595 A.2d 1383 (1991). Indeed, the two Superior Court cases that have considered this precise issue, the provision of natural gas for home consumption, have found as a matter of law that gas companies are not involved in intrinsically dangerous activities.Auriemme v. Bridgeport Gas Co., 21 Conn. Sup. 66 (1958);McDermott v. Southern Connecticut Gas Co., 7 CLT. No. 2, p. 13 (1980).
The plaintiffs have cited no Connecticut case in which strict liability was imposed on a gas company based on its provision of gas for home use, nor have they cited any cases from other jurisdictions which have reached that conclusion.
It is appropriate for a court to determine, in the first instance, whether as a matter of law the complained of activity is "ultra-hazardous." Plourde v. Hartford Electric Light Co.,31 Conn. Sup. 192 (1974). Although it cannot be denied that there are risks attendant to the transmission of natural gas for home consumption, the plaintiff has not provided the court with any basis for concluding that this activity is "ultra-hazardous" as a matter of law or that it has stated a claim upon which relief may be granted as a matter of strict liability. To the contrary, accepting the allegations of the second count as true, that count fails to state a claim upon which relief may be granted as a matter of law. CT Page 11920
Although styled as a motion for summary judgment, the court treats it as a motion to strike (see, e.g., Plourde v. HartfordElectric Light Co., supra, and Auriemme v. Bridgeport Gas Co., supra, in which the court sustained the defendant's demurrer, the predecessor to the modern motion to strike, and McDermott v.Southern Connecticut Gas Co., supra, in which the court granted a motion to strike.). There is no prejudice to the plaintiff in treating the defendant's motion for summary judgment as a motion to strike, and, having done so, the court orders count two stricken for failure to state a claim upon which relief may be granted as a matter of law.