[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT FILED BY THE DEFENDANT, SYNERGY GAS CORPORATION, DATED FEBRUARY 3, 1999 (#310)
The issue to be decided on this Motion for Summary Judgment is whether or not the storage and sale of propane gas is an ultrahazardous activity.
 FACTS
This lawsuit arises out of an explosion which occurred on July 14, 1993. Alice J. Daum sustained severe, permanent and disabling injuries, including amputation. Other plaintiffs suffered severe injuries. The explosion occurred at the business premises of Stamford Propane, Inc., located at 78 Magee Avenue, Stamford, CT. The current complaint of Alice J. Daum contains 30 counts. She has sued Stamford Propane, Inc., certain of its employees and agents, Paraco Fuel Corporation, certain of its employees and agents, the City of Stamford, certain of its inspectors and employees and Synergy Gas Corporation. Five counts are addressed to Synergy. The Fifth count alleges various acts of negligence and states in CT Page 12018 paragraph 14: "The Defendant, Synergy Gas Corporation, was engaged in the business of supplying propane gas storage tanks, piping, supplies and propane gas to retail distributors of propane gas and supplies." Paragraph 17 states: "The Defendant, Stamford Propane, Inc., served-as a propane gas supply and refueling station for the Defendant, Synergy Gas Corporation, and acted as agent and representative of Synergy Gas Corporation for the retail sale and distribution of propane gas and supplies." The allegations in the Fifth count also state that the defendant, Michael Vitti, as agent, servant or employee of Stamford Propane, Inc. and/or for Synergy Gas Corporation, disconnected a propane gas heating appliance from a propane gas line running from the main propane tank into the inside of the business premises without shutting off the flow of gas. This occurred sometime prior to the arrival of Alice J. Daum on the premises. After her arrival, the defendant, Harry Quick, entered the premises and while lighting a cigarette, dropped a cigarette lighter causing the accumulation of propane gas to explode.
The Sixth count alleging ultrahazardous activity states in paragraph 20: "The storage and sale of propane gas in a heavily populated location, such as 78 Magee Avenue, Stamford, Connecticut, is an abnormally and inherently dangerous and ultrahazardous activity which, in the event of a mishap, has the potential to subject vast numbers of persons to potentially serious injury." In paragraph 24 the plaintiff alleges: "The activities of the Defendant, Synergy Gas Corporation, and its agent, Stamford Propane, Inc., in storing and selling propane gas to the public is an abnormally and inherently dangerous activity in that propane gas is an instrumentality which is highly flammable and capable of producing harm in the event of ignition and an explosion, and the storage and sale of propane gas on the business premises of Stamford Propane, Inc. was intrinsically dangerous and created a risk of probable injury to the person or property of others."
The Twelfth count as to Synergy alleges that it constructed the propane gas sales, storage and distribution facility at 78 Magee Avenue, Stamford, Connecticut without obtaining the necessary governmental permits and/or inspections and was thusly negligent in a variety of ways.
The Fourteenth count as to Synergy alleges negligence in a variety of ways arising out of duties created by a Propane Gas Supply and Refueling Station Agreement between Synergy and Stamford Propane, Inc.
The Twenty-Eighth count as to Synergy alleges violation of various building, safety and fire codes. This count seeks CUTPA remedies and alleges certain other sections of the Fifth count in support of that claim. CT Page 12019
 DISCUSSION OF LAW
The leading Connecticut case on ultrahazardous liability is Green v.Ensign-Bickford Co., 25 Conn. App. 479, 482 (1991). Its central holding is that a person who conducts an ultrahazardous activity upon land, which causes damage and/or personal injury to others, is strictly liable for that damage. "A person who uses an intrinsically dangerous means to accomplish a lawful end, in such a way as will necessarily or obviously expose the person of another to the danger of probable injury, is liable if such injury results, even though he uses all proper care." WhitmanHotel Corp. v. Elliott Watrous Engineering Co., 137 Conn. 562, 565
(1951). See also Worth v. Dunn, 98 Conn. 51, 59 (1922). Strict liability for an ultrahazardous activity upon property occurs whether or not the activity is authorized by zoning or other regulations, whether or not the activity is socially and economically desirable and whether or not the defendant caused the damage intentionally or unintentionally. The defendant in a strict liability situation acts at his own peril. WhitmanHotel Corp. v. Elliott Watrous Engineering Co., supra, 137 Conn. 567. Failure to use reasonable care is not in issue. Id. 566.
Green v. Ensign-Bickford Co. adopted six factors to determine whether or not an activity is subject to strict liability: (1) existence of a high degree of risk of some harm to the person, land or chattels of others; (2) likelihood that harm results from the activity would be great; (3) inability to eliminate the risk by the exercise of reasonable care; (4) extent to which the activity is not a matter of common usage; (5) appropriateness of the activity to the place where it is carried on; and (6) extent to which the activity's value to the community is outweighed by its dangerous attributes. Green v. Ensign-Bickford Co.,
supra, 25 Conn. App. 486. The court, in considering whether or not the allegations of the complaint are sufficient to allege ultrahazardous activity, must conduct a balancing test. Not all of the six factors must be utilized. Id. The issue of whether or not such an activity is ultrahazardous is a question of law. Id. 485.
The mere possession of a dangerous substance will not impose strict liability. Liability attaches only in regard to the use and handling of a dangerous substance. "The whole case of the plaintiff is based on the theory that the possession or use of dynamite caps constitutes a nuisance as a matter of law. There are decisions which appear to so hold. The rule in this State, however, which we believe finds support in the better reasoned cases, is that the mere possession or use of such explosive does not constitute a nuisance per se without regard to the manner of its use or keeping; but that the question depends upon the locality, the quantity and all the surrounding circumstances." Murphy v. Ossola, 124 Conn. 366,371 (1938). There are only a few Connecticut cases in which liability for CT Page 12020 ultrahazardous activity has been imposed. This memorandum will review those cases.
This court, in rendering this decision on the Motion for Summary Judgment, has applied the well known standards as contained inMountaindale Condominium Assn., Inc. v. Zappone, 59 Conn. App. 311, 315-16
(2000). The court can only rely on facts in admissible form in considering summary judgment. Practice Book § 17-46; United StatesAutomobile Assn. v. Marburg, 46 Conn. App. 99, 107 (1997). Discovery compliances can be considered in deciding a motion for summary judgment but disclosure under oath is not conclusive and may be contradicted like any other evidence. General Statutes § 52-200; Esposito v. Wethered,4 Conn. App. 641, 645 (1985). "Unsworn assertions of fact, summary conclusions of law and unsupported allegations in an affidavit do not entitle a party to summary judgment." United States Automobile Assn. v.Marburg, supra, 46 Conn. App. 107.
The principle concern that this court has is the essential nature of propane as compared with the essential nature of the substances found to be ultrahazardous in Connecticut. Although there have been discovery admissions submitted to the court, they are of a limited nature. Expert depositions were not submitted. Plaintiff alleges in her moving papers that propane is odorless and colorless. That claim is contained in discovery documents produced by the defendant. Missing from the discovery documents are the nature of the substances whose activities have been held in Connecticut cases to be ultrahazardous. For example, storage of automotive gasoline has been held not to be ultrahazardous. The opinion in question contained no discussion of its natural color or odor or the existence of an odor additive. This comparative information is not contained within the documents submitted in support of the summary judgment.
It is the use and application of the product that must meet the ultrahazardous test. The most recent case to discuss this issue involved the illegal discharge of fireworks. Lipka v. DiLungo, Superior Court, judicial district of New Haven, Docket No. 407399 (March 8, 2000 Blue, J.), 6 Conn. Ops. 409 (April 17, 2000), 2000 Ct. Sup. 3894. Judge Blue noted that an earlier case found that legal firework displays are not an inherently dangerous activity. Pope v. City of New Haven, 91 Conn. 79, 83
(1916). The court noted that statutes authorize the discharge of fireworks under certain limitations, including proof of financial responsibility. The court found that the Connecticut legislature, by enacting these statutes, has made a determination that the value of a lawful fireworks display is not outweighed by its dangerousness. Emphasizing the sixth factor of Green v. Ensign Bickford Co., community value, Judge Blue found that the illegal discharge of fireworks is an CT Page 12021 inherently dangerous activity.
The court will consider the six factors of Green v. Ensign-Bickford Co.
1. Existence of a high degree of risk of some harm: It is a matter of common knowledge that propane gas, when ignited, can explode. It is common for home fuel oil companies to include that inference in advertisements, i.e., the subtle fear of gas explosions. This factor has been established.
2. Likelihood that the resulting harm would be great: The mere mention of a gas explosion creates an image of serious injuries. This case is no different. This factor has been established.
3. Inability to eliminate the risk by the exercise of reasonable care:
Connecticut has enacted a series of statutes and regulations controlling the sale and storage of flammable and combustible liquids, liquified petroleum gases, fuel, gas, and other such supplies. One of the methods is to provide an odor additive to the product so that inadvertent leaks can be readily detected. One of the allegations in this lawsuit is that the defendants failed to adequately provide for adequate odor notification due to various omissions and commissions. The court has insufficient information concerning the other activities that have been held in Connecticut to be ultrahazardous and the degree of state regulatory and insurance requirements along with safety procedures for these other activities. There is a material issue as to this factor under the facts of this case. This factor has not been established by the submitted documents.
4. Extent to which the activity is not of a matter of common usage: It is common knowledge that propane gas is used extensively for the heating of recreational vehicles, small dwelling units, portions of larger dwelling units, outdoor grills and for business and industrial purposes. It was used to supply the heating system for the Stamford Propane, Inc. office. The fact that propane gas is in common usage has been established.
5. Appropriateness of the activity to the place where it is carried on:
There is insufficient evidence in the file to indicate the nature of the property at 73 Magee Avenue and its neighborhood. This court is familiar with the immediate area. Industrial types of businesses are common in the area including machine shops, automotive sales and services, automotive body shops, and small manufacturing concerns. There appears to be little residential use in the area. There is open space and undeveloped lots. There is inadequate information in the file for the court to make this determination. This factor has not been proven. CT Page 12022
6. The value to the community weighed as against its dangerousattributes: The court has insufficient information to determine whether the value to the community of propane gas is outweighed by its dangerousness. This factor has not been proven.
The earliest cited case on ultrahazardous activities originated in England. Rylands v. Fletcher, 3 Hurl. Colt, 774, rev'd on appeal, L.R. 1 Ex. 265, aff'd L.R. 3 H.L. 330 (1868). A newly excavated reservoir burst filling a coal mine. The landowner was held liable. "The person who, for his own purposes, brings on his land and keeps there anything likely to do mischief if it escapes must keep it at his peril. . . . And upon authority this we think is established, whether the things so brought be beasts, or water, or filth, or stenches." Id. The rule was adopted in Connecticut in 1899 and was described as "Fletcher v. Rylands". Walsh v.Hayes, 72 Conn. 397, 402 (1899). Walsh appeared to adopt the doctrine but did not apply it. The first known application of the doctrine citingRylands v. Fletcher occurred in 1961 Caporale v. C.W. Blakeslee Sons,Inc. 149 Conn. 79, 84 (1961) (Pile driving found to be an ultrahazardous activity).
The doctrine, without reference to its 1868 forebearer, has been applied in the following cases determined to be ultrahazardous activities. Norwalk Gas Light Co. v. Borough of Norwalk, 63 Conn. 495,527 (1893) (Dynamite blasting for a public sewer in a public street intrinsically dangerous); Alexander v. Sherman's Sons, 86 Conn. 292, 298
(1912) (Blasting of rock on private property for construction of a commercial building held ultrahazardous); Antinozzi v. D.V. Frione andCo., Inc. 137 Conn. 577, 580 (1951) (Blasting ultrahazardous based upon the finding of the Whitman Hotel Corporation case decided the same day);Whitman Hotel Corporation v. Elliott Watrous Engineering Co.,137 Conn. 562, 565 (1951) (Dynamite blasting ultrahazardous); Green v.Ensign-Bickford Co., 25 Conn. App. 479, 482 (1991) (Experiments with highly explosive material in a factory is ultrahazardous); Barnes v.General Electric Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 93 0529354 (July 25, 1995, Hennessey, J.), 14 Conn.L.Rptr. 455, 1995 Ct. Sup. 8417 (Disposition of PCBs and others hazardous waste in a municipal landfill ultrahazardous); Matherv. Birken Manufacturing Co., Superior Court, judicial district of Hartford at Hartford, Docket No. CV 96 0564862 (December 8, 1998, Hennessey, J.), 23 Conn.L.Rptr. 443, 1998 Ct. Sup. 14792 (Discharge of hazardous waste into the environment is an ultrahazardous activity as opposed to the use and storage of hazardous chemicals as part of the manufacturing process which would not be an ultrahazardous activity);Lipka v. DiLungo, Superior Court, judicial district of New Haven at New Haven, Docket No. 407399 (March 8, 2000, Blue, J.), 6 Conn. Ops. 409 (April 17, 2000), 2000 Ct. Sup. 3894 (illegal discharge of fireworks CT Page 12023 without a license is an ultrahazardous activity); Michael v. Kenyon OilCo., Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 344098 (March 22, 1989, O'Connor, J.),4 C.S.C.R. 337
(Underground storage of gasoline, diesel fuel and kerosene can constitute an ultrahazardous activity when discharge polluted a water supply); Southern New England Telephone Co. v. Clifford, Superior Court, judicial district of Litchfield, Docket No. 057131 (December 10, 1991, Pickett, J.), 5 Conn.L.Reptr. 303, 1991 Ct. Sup. 10531 (Escape of gasoline from underground storage tanks of a retail gasoline station held ultrahazardous).
The following have been held not to be ultrahazardous activities:Nelson v. Thomaston Oil, Inc., Superior Court, judicial district of Litchfield, Docket No. CV 99-0078798 5, (July 3, 2000 De Pentima, J.),27 Conn.L.Rptr. 13, 454 (September 11, 2000); Godfrey v. Connecticut Co.,98 Conn. 63, 65 (1922) (Amusement park ride consisting of a chute through which a person rides on large carpeted rollers is not an ultrahazardous activity); Beaudry v. Board of Education, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 92-0517989 S (March 2, 1995, Corradino, J.), 13 Conn.L.Rptr. 609, 1995 Ct. Sup. 1903
(Improperly designed slide at a school play ground is not an ultrahazardous activity); Greeley v. Cunningham, 116 Conn. 515, 518
(1933) (Automobile operation not ultrahazardous); McAdam v. CentralRailway Electric Co., 67 Conn. 445, 447 (1893) (Electric plant operating high voltage electric street railway not ultrahazardous);Gutierrez v. Jefferson Street Medical Building, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 93-0529230 5 (September 27, 1994, Hennesey, J.), 1994 Ct. Sup. 9834
(Failure to remove lead paint from premises where children live is not an ultrahazardous activity); Murphy v. Ossola, 124 Conn. 366, 371 (1938) (Storage of dynamite caps in a barn near youngsters is not an ultrahazardous activity); Blackburn v. Miller-Stevenson Chemical Co.,Inc., 13 Conn.L.Rptr. 364, 368 (March 13, 1995) (Use of volatile organic compounds that are on an industrial site is not an ultrahazardous activity); Pope v. City of New Haven, 91 Conn. 79, 83 (1916) (Use of firecrackers and other incendiary devices not ultrahazardous); Accashianv. City of Danbury, Superior Court, judicial district of Waterbury, Complex Litigation, Docket No. XO1 CV 97-0147228 S (January 5, 1999, Hodgson, J.), 5 Conn. Ops. 109 (February 1, 1999) (Receipt of hazardous and toxic waste by a landfill is not ultrahazardous. This opinion disagrees with the holding Albahary v. Bristol, 963 F. Sup. 150
(D.Conn. 1997)); Reiser v. Island Transportation Co., Superior Court, judicial district of Danbury at Danbury, Docket No. CV 98-0332521 S (May 2, 2000, Radcliffe, J), 6 Conn. Ops. 582 (May 29, 2000) (Delivery of gasoline to a retail outlet is not ultrahazardous); Welz v. Manzillo,113 Conn. 674, 682 (1915) (Barge of dynamite held to be ultrahazardous CT Page 12024 only if necessarily or obviously exposing the person or property of another to the danger of probable injury); Plourde v. Hartford ElectricLight Co., 31 Conn. Sup. 192 (1974) (Maintaining and operating high tension wires not ultrahazardous); Levenstein v. Yale University,40 Conn. Sup. 123, 127 (1984) (Throwing mortarboard into air by graduating college student in close proximity to guests not ultrahazardous); Arawana Mills Co. v. United Technologies Corp.,795 F. Sup. 1238, 1251 (D.Conn. 1992) (Storage of hazardous waste and toxic solvents not ultrahazardous); Nielson v. Sioux Tools, Inc.,870 F. Sup. 435 (D.Conn. 1994) (Storage of hazardous waste and toxic solvents not ultrahazardous); Dunphy v. Yankee Gas Services Co., Superior Court, judicial district of New Haven at Meriden, Docket No. CV 94-0246428 S (October 23, 1995, Silbert, J.), 15 Conn.L.Rptr. 294,1995 Ct. Sup. 11918
(Transportation of natural gas through corroded pipelines to a residence not ultrahazardous); Auriemme v. Bridgeport Gas Co.,21 Conn. Sup. 66, 68 (1958) (Natural gas supplied to a residence not ultrahazadous. "The defendant company is not an insurer so as to render it liable absolutely for the escape of gas. It is required to exercise a degree of care commensurate with the dangerous character of gas and its tendency to escape."); McDermott v. Southern Connecticut Gas Co., 7 Connecticut Law Tribune 2, pg. 13 (1980) (Residentially supplied natural gas not ultrahazardous); Burns v. Lehigh, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 342600 (July 12, 1988, Hennessey, J.), 3 C.S.C.R. 722 (Gasoline storage and removal from an underground tank); The Connecticut Water Co. v. Thomaston,
Superior Court, judicial district of Hartford at Hartford, Docket No. CV94-0535590 5 (March 4, 1996, Corradino, J.), 16 Conn.L.Rptr. 213,1996 Ct. Sup. 1607 (Underground storage of petroleum in a town garage and refueling depot and contamination caused by leaks not ultrahazardous);Skeleton v. Chemical Leaman Tank Lines, Superior Court, judicial district of New Haven at New Haven, docket number 359236 (May 13, 1996, Corradino, J.), 17 Conn.L.Rptr. 56, 1996 Ct. Sup. 4109-PP ("The mere fact that a business or person stores toxic substances or even uses or disposes of such material does not establish a strict liability claim even if on occasion such material is spilled or released."); Bassi v.City of Derby, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 88-025455 (September 10, 1990, Fuller, J.),1990 Ct. Sup. 2114 (Hole in fence at baseball stadium not ultrahazardous);Smith v. Lenoci Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. CV 93-455130 S (January 25, 1994, Pittman, J.), 1994 Ct. Sup. 898 (Felling of trees onto neighbor's residential property not ultrahazardous).
These decisions lead the court to conclude that Connecticut treats the definition of ultrahazardous activity narrowly. The doctrine of strict liability for dangerous activities is imposed sparingly in Connecticut. CT Page 12025Levenstein v. Yale University, supra, 40 Conn. Sup. 126.
 The courts in Connecticut and other jurisdictions which recognize the doctrine of strict liability for dangerous activities, impose it only in narrow circumstances. Typically, it has been found applicable when an activity, not regularly engaged in by the general public, is conducted in or near a heavily populated area, such that it necessarily subjects vast numbers of persons to potentially serious injury in the event of a mishap. Such activities include storing quantities of water or explosives in an unsuitable or dangerous place, maintaining inflammable liquids in quantity in the midst of a city, blasting in the midst of a city, pile driving with abnormal risk to surroundings, releasing poisonous gas or dust, and drilling of wells or operating refineries in a thickly settled area.
Levenstein v. York University, supra, 40 Conn. Sup. 126,
"In other words the mere fact that a business or person stores toxic substances or even uses or disposes of such material does not establish a strict liability claim even if on occasion such material is spilled or released. The nature of the material must be such that its storage, use or disposal in the ordinary course despite any safety standards that are adopted will and does result in such release or spillage." Skeleton v.Chemical Leaman Tank Lines, supra, Superior Court, Docket No. 359236.
There are substantial state and federal regulations for the sale and storage of propane gas. If the product is handled properly, in accordance with these regulations, it is not a danger and thus would appear not to be an ultrahazardous activity. In Accashian v. City of Danbury, Supra, Superior Court, Docket No. XO CV97-0147228, Judge Hodgson found: "While they may be hazardous to some degree, this court cannot conclude, after considering all the factors set forth above, that it is an ultrahazardous activity to receive and process these materials in a landfill facility." Judge Hodgson went on to compare the Federal District Court case cited above, Albahary v. Bristol, which found the opposite and noted: "The storage of hazardous materials in a landfill facility under the supervision of state, federal and local regulatory authorities cannot logically be a reason for finding strict liability if storage at a less equipped, less supervised location does not." This court notes that one of the allegations of this complaint is that the Synergy constructed this propane storage facility at 73 Magee Avenue, Stamford, CT without obtaining the necessary governmental permits or inspections. The lack of CT Page 12026 permit reasoning also supported Judge Blue's finding that an illegal fireworks display is ultrahazardous. "It also explains the case law declining to extend this principle to lawful fireworks displays, since such displays are legitimized and often promoted by governmental entities." Lipka v. Dilungo, supra, Superior Court, Docket No. 407399. The allegation of construction without governmental supervision, permit or inspection has found its way into the complaint alleging liability against the City of Stamford and its various inspection agents for failure to cease and desist the continued operation of a facility constructed without a building permit, periodic inspections, certificate of occupancy or any post occupancy inspections, despite rules and regulations requiring that all of those steps to be taken. Those issues are not now before this court.
 CONCLUSION
This court concludes that it has insufficient information to make a determination whether the sale and storage of the propane gas in question is or is not an ultrahazardous activity.
"A party has the same right to submit a weak case as he has to submit a strong one." Thomas v. West Haven, 249 Conn. 385, 392 (1999); Maffucciv. Royal Park Limited Partners, 82 Conn. App. 563, 568 (1996).
On balancing the six factors of Green, prior case decisions on ultrahazardous activities and the lack of complete documentation in the file, the Motion for Summary Judgment is hereby denied.
SO ORDERED.
BY THE COURT,
KEVIN TIERNEY, J.